IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VICTOR MOTLEY, SR.,**

    **Plaintiff,**

v.                                                               **Civil Action No. 3:16cv595**

**COMMONWEALTH OF VIRGINIA,** *et al.***,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) the "Motion to Dismiss Plaintiff's Complaint" (the "Motion to Dismiss"),[1] filed by Defendants the Commonwealth of Virginia (the "Commonwealth" or "Virginia"), the Virginia Department of Medical Assistance Services ("DMAS"), and Valerie Harrison (collectively, the "Defendants"), (ECF No. 2);[2] and, (2) Motley's "Motion to Compel Answers to Plaintiff's First Discovery Request and Motion to Enlarge Record" (the "Motion to Compel and Enlarge"), (ECF No. 6).

---

[1] The Defendants filed a "Demurrer" and a "Motion to Dismiss/Special Plea of Sovereign Immunity" in the Circuit Court for the City of Richmond (the "State Court") prior to removal. Under Federal Rule of Civil Procedure 81(c)(2), when a case is removed, "repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Typically, "after removal, the demurrer filed in state court will be treated as the federal equivalent—a motion to dismiss for failure to state a claim." *Morgan v. Wal-Mart Stores E., LP*, No. 3:10cv669, 2010 WL 4394096, at *2 (E.D. Va. Nov. 1, 2010); *see also McCray v. Ardelle Assocs. Inc.*, No. 4:14cv158, 2015 WL 3886318, at *3 (E.D. Va. June 23, 2015) ("The obvious implication of this language is that a party need not refile pending state motions in the federal court.").

Here, however, the Defendants filed the Motion to Dismiss on their own initiative, which incorporates the arguments timely made in the State Court. Accordingly, the Court need only consider the Motion to Dismiss. *See Morgan*, 2010 WL 4394096, at *2 ("Because Defendant timely filed a demurrer, and subsequently filed an identical 12(b)(6) motion, it makes no difference which motion this Court considers to resolve the issues raised therein.").

[2] The Defendants provided Plaintiff Victor Motley, Sr., proceeding *pro se*, with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 2.)

Motley has responded to the Motion to Dismiss, (ECF No. 4), and the Defendants have replied, (ECF No. 5). The Defendants have responded to the Motion to Compel and Enlarge, (ECF No. 8), and Motley has replied, (ECF No. 11). Accordingly, the matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.

For the reasons that follow, the Court will grant the Motion to Dismiss and will deny as moot the Motion to Compel and Enlarge.

## I. Factual and Procedural Background

### A. Procedural Background

Motley filed his Motion for Judgment (the "Complaint") in the State Court, alleging two counts against the Defendants: (1) age and race discrimination[3] (collectively, "Count I");[4] and, (2) negligence ("Count II"). (Compl., ECF No. 1-1.) The Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441[5] and 1446.[6] The Defendants assert federal question jurisdiction under 28 U.S.C. § 1331[7] as their basis for removal.

---

[3] In the Complaint, Motley fails to set forth the basis for his discrimination claims. Motley appears to bring his race discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and his age discrimination claim pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). The Court will evaluate Motley's discrimination claims under both laws.

Alternatively, Motley seems to suggest that his discrimination claims arise out of constitutional violations. The Court will assess Motley's constitutional claims under 42 U.S.C. § 1983, which provides a private right of action for a violation of constitutional rights by persons acting under the color of state law.

[4] The Court will refer to Motley's ADEA claim as "Count I.A," Motley's Title VII claim as "Count I.B," and Motley's § 1983 claim as "Count I.C."

[5] Section 1441(a) provides, in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

Prior to removal, the parties filed various pleadings in the State Court. Motley filed his "Request for Production of Documents," (ECF No. 1-3), his "Notice of Objection to Defendants Resisting or Obstructing of Legal Process," (ECF No. 1-3), and his "Motion for Leave to Amend Motion for Judgment" (the "Motion for Leave to Amend"), (ECF No. 1-4).[8] The Defendants filed a Demurrer, seeking to demur the Complaint for failure to state a claim, (ECF No. 1-5), and a Motion to Dismiss/Special Plea of Sovereignty, seeking to dismiss the Complaint on the grounds that sovereign immunity bars it, (ECF No. 1-6).

Following removal, the Defendants filed the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)[9] and 12(b)(6),[10] incorporating the arguments submitted to the State Court. (ECF No. 3.) Motley responded to the Motion to Dismiss, (ECF No. 4), and the Defendants replied, (ECF No. 5). Motley then filed the Motion to Compel and Enlarge. (ECF

---

defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[6] Section 1446 articulates the procedure for removing civil actions from a state court.

[7] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[8] Motley's Motion for Leave to Amend sought to withdraw Count II, Motley's negligence claim. The Defendants removed the case to this Court before the State Court ruled on the Motion for Leave to Amend. Motley has not sought leave to amend the Complaint in this Court. Although re-pleading is not necessary following removal, the Court will not grant the Motion for Leave to Amend. In briefing, Motley opposes the Defendants' request to dismiss the claim. In an abundance of caution, and construing Motley's filings liberally as it must, the Court assumes that Motley still wishes to pursue Count II.

[9] Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[10] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

3

No. 6.) The Defendants responded to the Motion to Compel and Enlarge, (ECF No. 8), and Motley replied, (ECF No. 11).

### B. Summary of Allegations in the Complaint[11]

Motley brings this action against the Defendants, seeking only monetary damages for race and age discrimination, and for negligence. Motley applied for a position as a Hearing Officer with DMAS on or about August 7, 2013. On October 15, 2013, Motley learned that DMAS did not select him for an interview. On January 27, 2014, Motley filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), alleging race and age discrimination pursuant to Title VII and the ADEA. Motley's EEOC Charge of Discrimination contained two paragraphs, which stated the following:

1. On August 7, 2013, I applied for the position of Hearing Officer with the above named employer. On or about October 15, 2013, I became aware that I was not chosen for an interview and subsequently not hired for the position.

2. I believe I was discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age, 60, in violation of the Age Discrimination in Employment Act of 1967, as amended.

(EEOC Charge of Discrimination, ECF No. 3-1.) On August 14, 2015, the EEOC issued a Dismissal and Notice of Right to Sue.

Federal district courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). That said, a *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to

---

[11] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Motley. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## II. Analysis: The Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The Defendants seek to dismiss, for lack of subject-matter jurisdiction, particular counts against specific defendants. With respect to Count I.A, Motley's ADEA claim, the Defendants argue the following: (1) the Eleventh Amendment to the United States Constitution[12] bars Motley's claim against all defendants; and, (2) Motley's claim against Harrison in her official capacity fails because it is duplicative. On Count I.B, Motley's Title VII claim, the Defendants contend that Motley's claim against Harrison in her official capacity fails because it is duplicative. On Count I.C, Motley's § 1983 claim, the Defendants assert that it cannot survive because Motley fails to raise it against any defendant in his or her individual capacity. The Defendants also posit that Motley cannot advance an age discrimination claim under § 1983. Regarding Count II, Motley's negligence claim, the Defendants contend that they have sovereign immunity against Motley's negligence claim. The Defendants also argue that Motley failed to comply with the Virginia Tort Claims Act's (the "VTCA") notice requirements, Va. Code § 8.01-195.1 *et seq.*, and that Virginia's statute of limitations bars any claims brought pursuant to § 1983 or the VTCA.

For the reasons that follow, the Court will dismiss the following claims for lack of jurisdiction: Counts I.C and II against all Defendants; and, Counts I.A and I.B against only Harrison.

---

[12] "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

5

### A.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction Standard

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject-matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) can attack subject-matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject-matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by plaintiff, thereby functionally affording the plaintiff the same procedural protection he or she would receive under Rule 12(b)(6) consideration. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

A Rule 12(b)(1) motion may also challenge the existence of subject-matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "'very power to hear the case,'" the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See id.*; *see also Adams*, 697 F.2d at 1219.

If the facts necessary to determine jurisdiction are intertwined with the facts central to the merits of the dispute, the proper course of action is for the court to find that jurisdiction exists and then to resolve the factual dispute on the merits unless the claim is made solely for the purpose of obtaining jurisdiction, or is determined to be wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams*, 697 F.2d at 1219.

### B. The Eleventh Amendment Does Not Bar Count I.A

Although they seek dismissal based on Eleventh Amendment immunity, the Defendants voluntarily removed this case to this Court. Thus, the Eleventh Amendment does not bar Motley's Count I.A, which alleges a violation of the ADEA.

The Eleventh Amendment bars claims against state actors unless Congress has "abrogate[d] the [s]tates' Eleventh Amendment immunity . . . by stating unequivocally its desire to do so and only pursuant to a valid exercise of constitutional authority." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 484 (4th Cir. 2005) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)). As the United States Court of Appeals for the Fourth Circuit has explained, "the Supreme Court [of the United States] . . . specifically rejected Congress'[s] attempts to abrogate Eleventh Amendment immunity with respect to . . . the ADEA." *Id.* at 496.

The Defendants' Motion to Dismiss based on Eleventh Amendment immunity falters as to each defendant. While the immunity provided by the Eleventh Amendment would apply to each defendant in this case had it originated in federal court,[13] it did not. The Defendants

---

[13] The Commonwealth of Virginia would have immunity because "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). DMAS would have immunity because the Eleventh Amendment extends to "state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425,

removed this case to this Court after Motley filed suit in the State Court. The Eleventh Amendment is a privilege of the states, and as such, "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal Court." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). When a state voluntarily invokes the jurisdiction of the federal courts by removing a case from its own courts to federal court, it waives its Eleventh Amendment immunity from suit in federal court. *Id.* at 624. Accordingly, by removing this case and voluntarily invoking the jurisdiction of this Court, the Defendants have waived any Eleventh Amendment immunity they may have possessed. Therefore, the Court will deny the Defendants' Motion to Dismiss based on Eleventh Amendment immunity.

### C. Motley Cannot Bring Counts I.A, I.B, and I.C Against Both DMAS and Harrison in Her Official Capacity

The Court will dismiss Count I in its entirety against Harrison in her official capacity. Construing his Complaint liberally, Motley brings his ADEA, Title VII, and § 1983 claims (Counts I.A, 1.B, and I.C, respectively) against both DMAS and Harrison in her official capacity. "Suing an individual in his [or her] official capacity . . . is essentially the same as suing the entity for which he [or she] works." *Wyatt v. Steidel*, No. 3:14cv64, 2014 WL 3945864, at *1 (E.D. Va. Aug. 12, 2014) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). In light of this redundancy, the Court will grant the Motion to Dismiss in part and dismiss Counts 1.A, I.B, and I.C as brought against Harrison. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) ("The district court correctly held that the . . . claim against Martin in his official capacity as

---

429 (1997). Finally, Harrison would have immunity because "[s]tate officers acting in their official capacity are also entitled to Eleventh Amendment protection." *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001).

8

Superintendent is essentially a claim against the Board and thus should be dismissed as duplicative.").[14]

### D. The Defendants Cannot Be Held Liable on Count I.C Because They Do Not Qualify as "Persons" Under § 1983

Presuming that Motley asserts Count I.C. pursuant to § 1983, his claim fails because the Defendants do not constitute "persons" under that statute. The Supreme Court has held that states, state agencies, and state officials sued in their official capacities do not constitute "persons" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)). Motley brings suit against Virginia, DMAS, and Harrison in her official capacity. Because none of the defendants qualify as a "person," Motley cannot pursue the alleged constitutional violations pursuant to § 1983.[15] The Court will grant the Motion to Dismiss in part and dismiss Count I.C. against the Defendants.

---

[14] Even if Motley intended to bring Count I against Harrison in her *individual* capacity, his claim would fail. Neither the ADEA nor Title VII permit suit against individuals as "employers." *See, e.g., Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations."); *Bland v. Virginia State Univ.*, No. 3:06cv513, 2007 WL 446122, at *5 (E.D. Va. Feb. 7, 2007) ("[T]the Fourth Circuit has stated that the language of the ADEA limits liability to 'employers' and therefore prohibits individual liability against employees as agents of the employer." (citing *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994)). The Complaint also lacks any allegations regarding Harrison's personal involvement in the purported discrimination.

[15] The Defendants alternatively argue that Motley cannot raise an age discrimination claim pursuant to § 1983 because the ADEA exclusively govern age discrimination. Although the Court need not reach this argument, it would have merit. *See Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364 (4th Cir. 1989) (holding that plaintiffs cannot assert violations of substantive rights under the ADEA by way of a § 1983 action).

9

### D. Sovereign Immunity Bars Suit Against the Defendants on Count II

Sovereign immunity bars Motley's Count II, his negligence claim, against the Defendants. "Absent an express statutory or constitutional provision waiving sovereign immunity, the Commonwealth and its agencies are immune from liability for the tortious acts or omissions of their agents or employees." *Rectors and Visitors of Univ. of Va. v. Carter*, 591 S.E.2d 76, 78 (Va. 2004). The Commonwealth has waived its sovereign immunity only in the limited manner prescribed by the VTCA.[16] Va. Code § 8.01-195.1 *et seq.* The VTCA permits suit against the Commonwealth, but not against its employees, officers, or agencies. *See Carter*, 591 S.E.2d at 78. Excluded from the Commonwealth's waiver of sovereign immunity, however, are "legislative functions" of state agencies. Va. Code § 8.01-195.3(2). Courts consider functions "legislative" when the decision-making process by the state agency requires the exercise of discretion, particularly in decisions regarding the allocation of public funds. *See Maddox v. Virginia*, 594 S.E.2d 567, 570 (Va. 2004).

Here, the alleged negligence stems from DMAS's decision to not interview Motley for the position of Hearing Officer. The parties do not dispute that DMAS exercises discretion in the hiring process, including by determining whom to interview. This discretion necessarily entails decision-making with respect to how to allocate public funds needed to interview and hire employees. Because the Commonwealth has not waived its sovereign immunity for such employment decisions, the Commonwealth has immunity on Count II, Motley's negligence claim.

---

[16] In his brief in opposition, Motley asserts that he brings his negligence claim (Count II) pursuant to § 1983, not the VTCA. As discussed above, even if brought under § 1983, this claim would fail because none of the Defendants qualify as "persons" under § 1983. Regardless, Motley articulates no basis, and the Court sees none, for asserting a negligence claim under § 1983.

DMAS also has immunity because the VTCA does not waive the sovereign immunity of the Commonwealth's agencies. *See Carter*, 591 S.E.2d at 78. Finally, Harrison has sovereign immunity because, at all times relevant to this action, she acted in her official capacity as an Employment Manager at DMAS (an immune agency) and performed discretionary acts under DMAS's control and in DMAS's interests. *See Messina v. Burden*, 321 S.E.2d 657, 663 (Va. 1984). Accordingly, the Court will grant the Motion to Dismiss Count II, Motley's negligence claim, against the Defendants.[17]

### III. Analysis: The Motion to Dismiss for Failure to State a Claim

The Defendants' Motion to Dismiss also seeks to dismiss the Complaint for failure to state a claim. Only Counts I.A and I.B, Motley's ADEA and Title VII claims, respectively, remain and only against the Commonwealth and DMAS. The Court will dismiss Counts I.A and I.B because Motley fails to state a claim for which relief could be granted.[18]

#### A. Motion to Dismiss for Failure to State a Claim Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a

---

[17] The Defendants alternatively argue that, if Motley brings Count II, the negligence claim, pursuant to the VTCA, the Complaint fails to comply with the notice requirements of Virginia Code § 8.01-195.6, which requires that claimants file a written statement with the Director of the Division of Risk Management of the Attorney General within one year after the cause of action accrued. Because the Defendants have not waived sovereign immunity, the Court need not reach this argument. Nonetheless, the Court agrees that Motley does not reference any form of notice submitted prior to the filing of suit.

[18] The Court will grant Motley leave to amend the Complaint on Counts I.A and I.B against DMAS and the Commonwealth because Motley could, as to these two counts only, conceivably cure his failure to adequately plead a claim.

plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and

documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

### B. Motley Fails to State a Claim on Count I.A

The Court already has dismissed Count I.A, Motley's ADEA claim, against Harrison. The Court will dismiss Count I.A against DMAS and the Commonwealth because Motley fails to state a claim for age discrimination under the ADEA.

To succeed on a claim under the ADEA, a plaintiff "must prove, by the preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).[19] A plaintiff can show cause either through direct evidence of intentional discrimination or through the indirect, burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), and its progeny. Under the *McDonnell Douglas* burden shifting scheme, once the plaintiff makes a prima facie case of age discrimination, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action" or "but for" causation will be presumed. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004).

---

[19] In evaluating Motley's discrimination claims, the Court is bound by the scope of the allegations in Motley's EEOC Charge. *See, e.g., Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) ("In any subsequent lawsuit alleging unlawful employment practices under Title VII [or the ADA], a federal court may only consider those allegations included in the EEOC charge."). If a plaintiff's Title VII or ADA claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id.* (internal citations and quotation marks omitted). Given that a plaintiff must exhaust administrative remedies, staying within the scope of the EEOC charge assures that a federal court has jurisdiction over a claim. *Id.*

13

To establish a prima facie ADEA case under the adapted *McDonnell Douglas* scheme, a plaintiff must show: (1) he is a member of the protected class, namely "individuals who are at least 40 years of age," 29 U.S.C. § 631(a); (2) he applied for and was qualified for the position; (3) he was rejected despite his qualifications; and, (4) the position remained open or was filled by a substantially younger person. *See Arthur v. Pet Diary*, 593 F. App'x 211, 217 (4th Cir. 2015); *Hill*, 354 F.3d at 285; *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 274 (4th Cir. 1995).

Here, Motley fails to plausibly allege the first and fourth elements required to demonstrate a prima facie case of his age discrimination claim. First, *in the Complaint*, Motley fails to allege that he is a member of a protected class. He does not allege his age at all, much less that it exceeds 40 years. While Motley attaches documents from which his age can be inferred, (Motley Exhibits 24, ECF No. 4-1), such a presentation does not satisfy the pleading requirement of Federal Rule of Civil Procedure 8.[20] Motley must plead all facts sufficient to state a cause of action "on the face of the Complaint." *Newkirk*, 2014 WL 4072212, at *1. Motley cannot spackle documents to his Complaint in an attempt to state a claim. *See Hogge v. Stephens*, No. 3:09cv582, 2011 WL 2144566, at *2 (E.D. Va. May 31, 2011).

Motley also fails to allege the fourth element of his claim, that the position he sought remained open or was filled by a substantially younger person. Accordingly, the Complaint fails to state a plausible discrimination claim under the ADEA. The Court will grant the Motion to Dismiss in part and dismiss Count I.A against DMAS and the Commonwealth.

---

[20] Rule 8 states, in pertinent part: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

14

### C.     <u>Motley Fails to State a Claim on Count I.B</u>

The Court already has dismissed Count I.B, Motley's Title VII claim, against Harrison. The Court will dismiss Count I.B against DMAS and the Commonwealth because Motley fails to state a claim for race discrimination under Title VII.

Title VII makes it "an unlawful employment practice" for any employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). When asserting a claim of employment discrimination under Title VII, a plaintiff may prove his or her claim through direct or circumstantial evidence. *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 99–100 (2003); *see Love–Lane v. Martin,* 355 F.3d 766, 786 (4th Cir. 2004). When, as here, the plaintiff alleges no direct evidence of discrimination, the plaintiff must rely on the burden-shifting scheme established in *McDonnell Douglas,* 411 U.S. 792.

Under the *McDonnell Douglas* framework, the plaintiff must first demonstrate a prima facie case of his or her claim. *Id.* at 802. "[A] prima facie case of [race] discrimination under Title VII is alleged if a plaintiff pleads that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position;[21] and[,] (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Clarke v. Va. State Univ.,* No. 3:15cv374, 2016 WL 521528, at *3 (E.D. Va. Feb. 5, 2016) (citing *Brown v. McLean,* 159 F.3d 898, 902 (4th Cir. 1998)). As a general rule,

---

[21] Motley emphasizes his law degree when alleging that he was qualified for the job of hearing officer. Motley also, however, repeats a misapprehension throughout his Complaint. He frequently contends that DMAS's failure to hire stemmed from pretext because he was told that DMAS did not hire him for lack of a law degree. The Court finds only one reference in Motley's filings to his legal training and, in it, DMAS states that "Mr. Motley does possess a JD [sic]." (Motley Exhibits 30, ECF No. 4-1.)

15

"[w]here the plaintiff alleges discrimination in the employer's failure to hire him, the plaintiff must show that he was rejected in favor of someone outside the protected class." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 801).[22]

Here, Motley fails to plausibly allege the first and fourth elements required to demonstrate a prima facie case of his racial discrimination claim. Again, Motley fails to allege that he is a member of a protected class. Although he claims race discrimination, Motley does not identify his race on the face of the Complaint. As noted earlier, Motley, even proceeding *pro se*, cannot meet pleading standard unless he states a claim on the face of the Complaint. Any attempt to spackle documents on to the Complaint to state a claim, (Motley Exhibits 10, ECF No. 4-1), is improper and does not satisfy Rule 8's requirements.

Second, Motley fails to allege facts suggesting circumstances giving rise to an inference of unlawful discrimination. To satisfy the fourth element, Motley must demonstrate that similarly-situated applicants outside the protected class received more favorable treatment. *See McDonnell Douglas*, 411 U.S. at 801. Motley's Complaint contains no allegation that similarly-situated applicants outside his class were treated more favorably. The Complaint also fails to describe any circumstances surrounding the application process that might, even when construed liberally, permit the Court to infer race-based discrimination. The Complaint does not identify the individual who actually received the position for which Motley applied. The Complaint merely states that DMAS did not interview Motley for a job for which he was allegedly qualified. That allegation, standing alone, fails to state a plausible discrimination claim under

---

[22] Although a Title VII plaintiff need not plead facts that constitute a prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002), a plaintiff still bears the burden of alleging facts "sufficient to state all the elements of her claim." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006) (internal quotation marks omitted), *overruled on other grounds by Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015).

Title VII. The Court will grant the Motion to Dismiss in part and dismiss Count I.B, the Title VII claim, against DMAS and the Commonwealth.[23]

### III. Analysis: The Motion to Compel and Enlarge

Motley has filed a Motion to Compel and Enlarge, seeking to compel the Defendants' discovery responses to various discovery requests. The Defendants represent that, prior to Motley's filing of the Motion to Compel and Enlarge, the Defendants' counsel informed Motley that his requests for discovery were premature. Because the Court will dismiss the Complaint, the Court declines to address Motley's premature discovery requests. The Court will deny as moot Motley's Motion to Compel and Enlarge.

### IV. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss and deny as moot the Motion to Compel and Enlarge.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/24/17

---

[23] The Defendants additionally contend that Motley fails to state a claim on Counts I.C and II, Motley's § 1983 and negligence claims. Although, in light of its Rule 12(b)(1) analysis, the Court need not address these claims under Rule 12(b)(6), the Court would agree that Motley's allegations fall far short of pleading requirements. First, Count I.C, as explained in the Court's Rule 12(b)(1) analysis, alleges § 1983 claims against defendants that do not qualify as "persons" under that statute. Even were Motley to bring suit against Harrison in her *individual* capacity, the Complaint wholly omits Harrison's personal involvement in the facts purportedly giving rise to Motley's claim. Second, Count II fails to allege a duty the Defendants owed to Motley. The Court cannot see how the Defendants could have violated a duty of care they owed to Motley simply by hiring another applicant in spite of Motley's qualifications.