IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICTOR MOTLEY, SR.,

    Plaintiff,

v.                                                        Civil Action No. 3:16cv595

COMMONWEALTH OF VIRGINIA, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Commonwealth of Virginia and Virginia Department of Medical Assistance Services's ("DMAS") (collectively, "Defendants") Motion to Dismiss.[1] (ECF No. 14.) Plaintiff Victor Motley, Sr., proceeding *pro se*, responded and Defendants replied. (ECF Nos. 16, 17.) Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[2] For the reasons that follow, the Court will grant the Motion to Dismiss.

---

[1] Defendants provided Motley with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). (ECF No. 14.)

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Motley's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").

## I. Factual and Procedural Background

### A.     Procedural Background

On November 6, 2015, Motley filed a Motion for Judgment in state court, alleging two counts against the Defendants: (1) age and race discrimination; and, (2) negligence. On July 15, 2016, Defendants removed the case to this Court. Following removal, Defendants filed a Motion to Dismiss, which the Court granted, dismissing the Complaint and granting Motley leave to file an amended complaint as to his age and race discrimination claims. On April 5, 2017, Motley filed an Amended Complaint, alleging two counts against Defendants: (1) age discrimination under the ADEA ("Count I"); and, (2) race discrimination under Title VII ("Count II"). Shortly thereafter, Defendants filed the Motion to Dismiss[3] pursuant to Federal Rules of Civil Procedure 12(b)(1)[4] and 12(b)(6).[5]

---

[3] Defendants filed their Motion to Dismiss untimely. The deadline for Defendants' Motion to Dismiss was April 17, 2017, but they filed it on April 25, 2017—eight days after the deadline and without seeking leave to file. *See* Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made . . . within 14 days after service of the amended pleading."). On May 26, 2017, Motley filed a Motion to Strike Defendants' Motion to Dismiss and their Reply on the basis that they filed the Motion to Dismiss out of time. (ECF No. 18.) Defendants subsequently filed a First Motion for Extension of Time to File, (ECF No. 20), and an Amended Motion for Extension of Time to File, (ECF No. 21), seeking leave to file their Motion to Dismiss out of time.

When, as here, the deadline for a filing has passed, the Court may extend a deadline upon motion and a finding of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Courts generally consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Tobey v. Keiter, Stephens, Hurst, Gary & Shreaves*, No. 3:13cv315, 2014 WL 61325, at *4 (E.D. Va. Jan. 7, 2014) (alteration in original) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996)).

The Court finds that little danger of prejudice to Motley exists. The delay was brief and did not affect the proceedings in this case. Motley had the opportunity to oppose all pending motions, and did so. Finally, the record suggests that Defendants sought the extension in good faith. Therefore, the Court finds that Defendants have demonstrated good cause and excusable neglect for extending their deadline to file its Motion to Dismiss and associated Reply.

2

B. **Summary of Allegations in the Amended Complaint**[6]

Motley's Amended Complaint is not a model of clarity.[7] His claims appear to arise out of an unsuccessful application for a job at DMAS. The Amended Complaint does not specify the position for which he applied, but includes a quoted portion of the job notice, which read: "Prefer degree in law, public administration, social work, mental health/mental retardation, and/or experience as an attorney, administrative hearing officer, eligibility worker/specialist, or the equivalent combination of education and experience." (Am. Compl. ¶ 4, ECF No. 13.) Motley contends that a Juris Doctorate ("J.D.") constituted a specific material qualification for the position. Motley, who is African-American and was sixty at the time of his application, was not hired. DMAS filled the position with an individual who was "substantially younger," was

---

Accordingly, the Court will deny Motley's Motion to Strike, (ECF No. 18), and grant Defendants' First and Amended Motions for Extension, (ECF Nos. 20, 21). Nonetheless, the Court admonishes Defendants to adhere to filing deadlines.

[4] Rule 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[5] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[6] For purposes of the Motion to Dismiss, the Court will assume the well-pleaded factual allegations in the Amended Complaint to be true and will view them in the light most favorable to Motley. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[7] The Court considers only the facts alleged in Motley's Amended Complaint as his original complaint is no longer legally operative. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'" (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001))). Moreover, the Court explicitly instructed Motley that his amended complaint "must stand or fall of its own accord" in it March 24, 2017 Order granting him leave to amend, specifying that "Motley may not reference statements in the prior complaint, nor can he attach documents in an attempt to plead facts that should otherwise be on the face of his amended complaint." (Mar. 24, 2017 O. 1, ECF No. 12.)

"outside the protected class [of race]," did not have a J.D., and "was treated more favorably." (Am. Compl. ¶ 14, 20.)

Motley alleges that the "Agency"—presumably DMAS—"stated"[8] that he "has no Medicaid or health care experience, did not have experience in analytical writing, and did not demonstrate that he possessed any experience in interviewing individuals to obtain financial, legal and/or medication information," and that "[a]ccording to his employment application, Mr. Motley does not possess a JD." (Am. Compl. ¶ 4.) Motley, however, does have a J.D. and he had worked as a "self employed [sic] attorney in Virginia from May 1982 through Dec. 2000, over 18 years and had tried civil and criminal cases in State and Federal Courts, Legal research and writing and Oral presentation." (Am. Compl. ¶ 5.) Motley included this information, as well as his resume, which detailed with other unspecified "significant material qualifications," in his application for the position at DMAS. (Am. Compl. ¶ 5.) Motley contends that he was qualified for the position and possessed the "Preferred Qualifications," including a J.D., (Am. Compl. ¶ 9), and that DMAS's statement that he "does not possess a JD" was false, (Am. Compl. ¶ 6).

Regarding his age discrimination claim, Motley avers that, "[r]eviews of the Virginia Retirement System indicate that with the number of workers eligible to retire in the next five (5) years, they are under funded, [sic] making age and current state employment relevant to employment." (Am. Compl. ¶ 13.)

Motley refers to an "EEOC charge" and a "Dismissal Notice of Rights" but does not attach a Dismissal and Notice of Right to Sue letter to his Amended Complaint. (Am. Compl. ¶ 2.) Motley seeks $20,000,000 and costs.

---

[8] Motley does not identify the source or context of these alleged statements.

## II. Analysis: The Motion to Dismiss for Failure to State a Claim

The Defendants' Motion to Dismiss seeks to dismiss the Amended Complaint, *inter alia*, for failure to state a claim.[9] The Court will dismiss the Amended Complaint because Motley fails to state a claim for which relief could be granted.

### A. Motion to Dismiss for Failure to State a Claim Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

---

[9] Defendants also move to dismiss pursuant to Rule 12(b)(1) on the basis that Motley's claims are barred by Eleventh Amendment sovereign immunity. (Mem. Supp. Mot. Dismiss 5, ECF No. 15.) Because the Court finds that Motley fails to state a claim, the Court need not reach this question.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995)).

### B. Obligation to Construe *Pro Se* Pleadings Liberally

Federal district courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). That said, a *pro se* plaintiff must nevertheless allege sufficient facts to state a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996)). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to

6

raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

### C. Motley Fails to State a Claim for Age Discrimination
#### 1. Legal Standard: Employment Discrimination Based on Age

The ADEA prohibits employers from discharging "or otherwise discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff bringing a discrimination claim under the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its "but-for" cause. *Hartman v. Univ. of Md. at Baltimore*, 595 F. App'x 179, 181 (4th Cir. 2014) (citations omitted).

A plaintiff can show cause either through direct evidence of intentional discrimination or through the indirect, burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), and its progeny. Under the *McDonnell Douglas* burden shifting scheme, once the plaintiff makes a prima facie case of age discrimination, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action" or "but for" causation will be presumed. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004).

To establish a prima facie ADEA case under the adapted *McDonnell Douglas* scheme, a plaintiff must show: (1) he is a member of the protected class, namely "individuals who are at least 40 years of age," 29 U.S.C. § 631(a); (2) he applied for and was qualified for the position; (3) he was rejected despite his qualifications; and, (4) the position remained open or was filled by a substantially younger person. *See Arthur v. Pet Diary*, 593 F. App'x 211, 217 (4th Cir. 2015); *Hill*, 354 F.3d at 285; *Henson v. Liggett Grp., Inc.*, 61 F.3d 270, 274 (4th Cir. 1995).

7

"[T]he plaintiff may either present direct evidence of the employer's impermissible motivation or may proceed under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–07 (1973)." *Id.*

Importantly, the Supreme Court of the United States has found that, in order to survive a motion to dismiss for failure to state a discrimination claim, a plaintiff need not establish a prima facie case under the *McDonnell Douglas* standard. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). The United States Court of Appeals for the Fourth Circuit has reached the same conclusion in the age discrimination context. *See Craddock v. Lincoln Nat'l Life Ins. Co.*, 533 F. App'x 333, 336 (4th Cir. 2013) ("In *Swierkiewicz*, the Supreme Court rejected the notion that 'the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.'").

Instead, the complaint must satisfy Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Stated differently, the complaint must allege facts "'that raise a right to relief above the speculative level'" that an employee suffered an adverse employment action because of the employee's membership in a protected class. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Courts, nonetheless, "may look to the requirements of a prima facie case as a guide in assessing the plausibility of plaintiff's claim for relief." *Craft v. Fairfax Cty.*, No. 1:16cv86, 2016 WL 1643433, at *4 (E.D. Va. Apr. 26, 2016) (citing *Coleman*, 626 F.3d at 190); *see also McCleary–Evans v. Md. Dept. of*

8

*Trans.*, 780 F.3d 582, 585 (4th Cir. 2015) (applying prima facie case as guide in motion to dismiss).[10]

---

[10] Tension appears to exist in the Fourth Circuit regarding how the *Twombly/Iqbal* pleading standard comports with earlier Supreme Court precedent in *Swierkiewicz*. In *Swierkiewicz*, the Supreme Court explained that courts should not transpose the evidentiary standard of *McDonnell Douglas* "into a rigid pleading standard for discrimination cases." 534 U.S. at 512. The Fourth Circuit has confirmed, as good law, that aspect of *Swierkiewicz*. *McCleary–Evans*, 780 F.3d at 585.

In *McCleary-Evans*, a Title VII case, an African–American woman alleged that a state agency discriminated against her by refusing to hire her. In support, she stated that she was a qualified applicant and that she had been denied a position in favor of someone who was white. *Id.* at 583–84. The plaintiff did not, however, offer any comparison between herself and the individual hired. *Id.* at 584. In a 2-1 decision, the Fourth Circuit found that the plaintiff's allegations were fatally conclusory and lacked additional facts to support a reasonable inference that the decision makers were motivated by race.

Despite acknowledging *Swierkiewicz* when so holding, the majority in *McCleary-Evans* required plaintiff to assert a "*plausible* claim for relief." *Id.* at 587. In a dissenting opinion, the Honorable James A. Wynn, Jr., suggested that the majority ignored the thrust of *Swierkiewicz*— "that discriminatory intent need not be pled with specific facts." *See id.* at 592 (Wynn, J., dissenting). Noting that the Fourth Circuit could not overturn either *Swierkiewicz* or *Iqbal*, Judge Wynn advocated an approach that more closely tracked *Swierkiewicz*, especially given the facts those cases examined:

> We are therefore confronted with two Supreme Court cases having apparent relevance to the case before us. One of these cases, *Swierkiewicz*, involves a Title VII plaintiff who alleged that his employer wrongfully terminated him due to his national origin. The other, *Iqbal*, involves a suspected terrorist who alleged that he was mistreated pursuant to an unconstitutional policy instituted by the United States Attorney General in conjunction with the Director of the Federal Bureau of Investigations. I have little difficulty deciding which case has greater applicability to the run-of-the-mill employment discrimination case before us.

*Id.*; *see also McCauley v. City of Chicago*, 671 F.3d 611, 628–29 (7th Cir. 2011) (Hamilton, J., dissenting) ("[W]e must take care not to expand *Iqbal* too aggressively beyond its highly unusual context—allegations aimed at the nation's highest-ranking law enforcement officials based on their response to unprecedented terrorist attacks on the United States homeland—to cut off potentially viable claims.").

Although this Court does not follow the approach favored by Judge Wynn's dissent, mention of it helps frame the difficulty of applying the pleading standard of *Twombly* and *Iqbal* to cases in which "[t]he requisite proof of the defendant's discriminatory intent is often in the exclusive control of the defendant, behind doors slammed shut by an unlawful termination." *McCleary–Evans*, 780 F.3d at 592 (Wynn, J., dissenting). The Court also notes the obvious: that any motion to dismiss considered by a district judge must consider and apply *all* binding Supreme Court precedent.

## 2. Analysis

Motley fails to plausibly allege that he was qualified for the position for which he applied, the second element required to demonstrate a prima facie case of age discrimination. Motley provides almost no facts about the position. He identifies neither the title not the minimum qualification requirements of the position. Rather, he alleges only that "said employment opportunity notice" included the following: "Prefer degree in law, public administration, social work, mental health/mental retardation, and/or experience as an attorney, administrative hearing officer, eligibility worker/specialist, or the equivalent combination of education and experience." (Am. Compl. ¶ 4.) Motley includes neither the full description of the position's minimum qualification requirements nor represents that this single quoted sentence constituted the entirety of the minimum qualifications. Without pleading the minimum qualifications required for the position, Motley fails to allege fats supporting even a reasonable inference that he was qualified for the job.

Second, even if Motley had adequately pled the position's qualification requirements, he would still fail to state a claim as he does not allege what *his* qualifications are. Motley states that he has a J.D. and other unspecified "significant material qualifications," but states no details regarding those other qualifications. (Am. Compl. ¶ 5.) The allegations that the position required a J.D. and that Motley had a J.D., standing alone, are insufficient to establish that he was qualified for the job. Mindful that Motley need not establish a prima facie case at this stage in the case, the Court nonetheless "look[s] to the requirements of a prima facie case as a guide in assessing the plausibility of [Motley's] claim for relief" and finds that he does not state a claim, even construing his Amended Complaint liberally. *Craft*, 2016 WL 1643433, at *4 (citing *Coleman*, 626 F.3d at 190). The Court will grant the Motion to Dismiss as to Count I.

10

D. **Motley Fails to State a Claim for Race Discrimination**

1. **Legal Standard: Employment Discrimination Based on Race**

Title VII makes it "an unlawful employment practice" for any employer "to fail or refuse to hire . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). When asserting a claim of employment discrimination under Title VII, a plaintiff may prove his or her claim through direct or circumstantial evidence. *Desert Palace, Inc. v. Costa*, 539 U.S 90, 99–100 (2003); *see Love–Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004). When, as here, the plaintiff alleges no direct evidence of discrimination, the plaintiff must rely on the burden-shifting scheme established in *McDonnell Douglas*, 411 U.S. 792.

Under the *McDonnell Douglas* framework, the plaintiff must first demonstrate a prima facie case of his or her claim. *Id.* at 802. "[A] prima facie case of [race] discrimination under Title VII is alleged if a plaintiff pleads that: (1) he [or she] is a member of a protected group; (2) he [or she] applied for the position in question; (3) he [or she] was qualified for the position; and[,] (4) he [or she] was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Clarke v. Va. State Univ.*, No. 3:15cv374, 2016 WL 521528, at *3 (E.D. Va. Feb. 5, 2016) (citing *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998)). As a general rule, "[w]here the plaintiff alleges discrimination in the employer's failure to hire him, the plaintiff must show that he was rejected in favor of someone outside the protected class." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 801).[11]

---

[11] Although a Title VII plaintiff need not plead facts that constitute a prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002), a plaintiff still bears the burden of alleging facts "sufficient to state all the elements of her claim." *Jordan v. Alternative Res. Corp.*,

11

2. <u>Analysis</u>

Motley fails to plausibly allege that he was qualified for the position or that he was rejected under circumstances giving rise to an inference of unlawful discrimination, the third and fourth elements of a prima facie case of race discrimination. For the reasons already stated, Motley pleads insufficient facts to plausibly show that he was qualified for the position for which he applied and was not hired. Motley also fails to allege facts suggesting that DMAS rejected him for the position under circumstances giving rise to an inference of unlawful discrimination.[12]

To satisfy the fourth element, Motley must demonstrate that similarly-situated applicants outside the protected class received more favorable treatment. *See McDonnell Douglas*, 411 U.S. at 801. Motley contends that he was "rejected for the position in favor of someone, outside the protected class . . . who was treated more favorably." (Am. Compl. ¶ 20.) This allegation

---

458 F.3d 332, 346 (4th Cir. 2006) (internal quotation marks omitted), *overruled on other grounds by Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015).

[12] Motley focuses much of his Amended Complaint on the contention that DMAS's statement that "Mr. Motley does not possess a JD" was a dishonest explanation for why he was not selected and constitutes "a specific pretext." (Am. Compl. ¶ 18.) In his Response to the Motion to Dismiss, he expands on this argument, contending that "[e]mployment discrimination plaintiff may establish pretext by proving that employer's explanation for employment decision is unworthy of credence or that [an] employer's explanation is false." (Resp. Mot. Dismiss 4, ECF No. 16.)

Even if a plaintiff could "establish pretext" by alleging that an employer gave a false explanation for rejecting an applicant, *see Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) (noting that "'in appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose'" (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000))), here Motley fails to plead facts that raise the plausible inference that DMAS's explanation of their decision not to hire him was untrue.

First, Motley pleads neither the source nor the context for the "false" statement, "Mr. Motley does not possess a JD." Moreover, Motley also alleges that DMAS stated that Motley "has no Medicaid or health care experience, did not have experience in analytical writing, and did not demonstrate that he possessed any experience in interviewing individuals to obtain financial, legal and/or medication information." (Am. Compl. ¶ 4.) Given the numerous other reasons DMAS identified for not hiring Motley, Motley fails to plead facts that raise the plausible inference that DMAS chose not to hire Motley solely because he did not have a J.D.

constitutes merely a "formulaic recitation of [an] element[] of a cause of action." *Twombly*, 550 U.S. at 555. It parrots the language of case law—including this Court's prior Memorandum Opinion dismissing this same claim—almost verbatim[13] without adding any concrete factual allegations specific to Motley's claim. Motley describes none of the circumstances surrounding the application process—including any fact regarding the individual who actually received the position—that could, even construed liberally, permit the Court to infer race-based discrimination.

Again, while the Court is mindful that Motley need not establish a prima facie case at this stage in the case, it nonetheless "look[s] to the requirements of a prima facie case as a guide in assessing the plausibility of [Motley's] claim for relief" and finds that, even construing his Amended Complaint liberally, he does not state a claim. *Craft*, 2016 WL 1643433, at *4 (citing *Coleman*, 626 F.3d at 190). The Court will grant the Motion to Dismiss as to Count II.

---

[13] *See, e.g., Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012) (holding that plaintiffs could establish a prima facie claim for race discrimination where they failed to allege that "similarly situated employees outside the protected class were treated more favorably"); *Clarke v. Va. State Univ.*, No. 3:15-CV-374, 2016 WL 521528, at *3 (E.D. Va. Feb. 5, 2016) (dismissing race discrimination claim where plaintiff failed to demonstrate that "similarly situated applicants outside his class were treated more favorably"); *see also* Mar. 23, 2017 Mem. Op., ECF No. 11 (finding Motley failed to demonstrate that "similarly-situated applicants outside the protected class received more favorable treatment").

### III. Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss. Because the Court previously allowed Motley an opportunity to amend his complaint, a subsequent amendment would be futile. Accordingly, the Court will dismiss Motley's Amended Complaint with prejudice. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/26/18